IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>QINGTIAN DIAOCHENG TRADING CO., LTD., SHANGHAI LEIYUAN ENERGY TECHNOLOGY CO., LTD., SHENZHEN RUIMIAOQIAN NETWORK TECHNOLOGY CO.,LTD., SHENZHEN WEITIAN INDUSTRIAL CO., LTD., SHENZHEN XIAOYANZIFEI NETWORK TECHNOLOGY CO., LTD., and SHENZHENSHIMEIHUIDAWANGLUOKEJIYOUXIANGONGSI,<br><br>        Defendants. | Case No. 22-cv-07054<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Qingtian Diaocheng Trading Co., Ltd., Shanghai Leiyuan Energy Technology Co., Ltd., Shenzhen Ruimiaoqian Network Technology Co.,Ltd., Shenzhen Weitian Industrial Co., Ltd., Shenzhen Xiaoyanzifei Network Technology Co., Ltd., and shenzhenshimeihuidawangluokejiyouxiangongsi (collectively "Defendants") and alleges as follows:

### I. INTRODUCTION

1. This action has been filed by Oakley to address Defendants' selling and offering for sale of sunglasses featuring infringements and/or counterfeits of Oakley's federally registered trademarks (the "Counterfeit Products") through Defendants' e-commerce stores on the

Walmart.com platform ("Defendants' Online Marketplaces").[1] Oakley seeks to address Defendants' infringement and/or counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Products over the Internet from China. Oakley has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendants because Defendants directly target business activities toward consumers in Illinois and cause harm to Oakley's business within this Judicial District. Defendants have targeted sales from Illinois residents by operating fully interactive and commercial e-commerce stores that offer to sell and have sold Counterfeit Products to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging

---

[1] Defendants e-commerce stores are located at the following URLs: walmart.com/seller/101044606 (Qingtian Diaocheng Trading Co., Ltd.); walmart.com/seller/101043436 (Shanghai Leiyuan Energy Technology Co., Ltd.); walmart.com/seller/101043398 (Shenzhen Weitian Industrial Co., Ltd.), walmart.com/seller/101042489 (Shenzhen Ruimiaoqian Network Technology Co.,Ltd.); walmart.com/seller/101044616 (Shenzhen Xiaoyanzifei Network Technology Co., Ltd.); walmart.com/seller/101044684 (shenzhenshimeihuidawangluokejiyouxiangongsi).

in interstate commerce, and have wrongfully caused Oakley substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff Oakley**

4. Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

6. Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, gloves, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered Trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable of their kind in the world.

7. Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8. Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in its trademarks. Oakley has also registered its trademarks with the United States Patent

3

and Trademark Office. Oakley Products typically include at least one of Oakley's registered trademarks. Oakley uses its trademarks in connection with the marketing of Oakley Products, including, but not limited to, the following marks which are referred to as the "Oakley Trademarks".

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,331,124 | (Oakley ellipse logo) | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 25. |
| 1,984,501 | (Oakley ellipse logo) | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: Clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps in class 25. |

9. The above registrations for the Oakley Trademarks are valid, subsisting, and in full force and effect. The Oakley Trademarks have been used exclusively and continuously by Oakley for many years and has never been abandoned. The registrations for the Oakley Trademarks constitute *prima facie* evidence of their validity and of Oakley's exclusive right to use the Oakley Trademarks pursuant to 15 U.S.C. § 1057(b). Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks included in the above table.

10. The Oakley Trademarks are exclusive to Oakley and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials. Oakley Products have long been among the most popular of their kind in the world and have been extensively promoted and advertised at great expense. In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring the Oakley Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned luxury items. Because of these and other factors, the Oakley brand and the Oakley Trademarks have become famous throughout the United States.

11. The Oakley Trademarks are distinctive when applied to Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards. Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards. The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

12. Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at oakley.com. Sales of Oakley Products via the oakley.com website represent a significant portion of Oakley's business. The oakley.com website features proprietary content, images and designs exclusive to Oakley.

13. Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame, and also made the Oakley Trademarks some of the most well-known marks in the eyewear, apparel and accessories industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks a valuable asset of Oakley.

14. Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks. As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley. Oakley is a multi-million-dollar operation, and Oakley Products have become among the most popular of their kind in the world.

**The Defendants**

15. Defendants are individuals or business entities that, on information and belief, reside in China.

16. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of Defendants' Online Marketplaces. Defendants target the United States, including Illinois residents, and have offered to sell, and have sold, infringing and counterfeit products to consumers within the State of Illinois through Defendants' Online Marketplaces.

6

## IV. DEFENDANTS' UNLAWFUL CONDUCT

17. Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on Defendants' Online Marketplaces bearing logos and trademarks that are source-identifying indicia and design elements that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Counterfeit Products"). Attached hereto as **Exhibit 2** are true and correct copies of screenshot printouts of Defendants' Online Marketplaces offering for sale Counterfeit Products.

18. On information and belief, Defendants are well aware of the extraordinary fame and strength of the Oakley Trademarks and the goodwill associated therewith.

19. Defendants, without any authorization, license, or other permission from Oakley, have used the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet.

20. Defendants' use of infringements and/or counterfeits of the Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit Products was willful.

21. Defendants' willful use of infringements and/or counterfeits of the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Products, including the sale of Counterfeit Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Oakley.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

22. Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23. This is a trademark infringement action against the Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Oakley Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Oakley Products sold or marketed under the Oakley Trademarks.

24. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing infringements and/or counterfeits of the Oakley Trademarks without Oakley's permission.

25. Oakley is the exclusive owner of the Oakley Trademarks. Oakley's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of Oakley's rights in the Oakley Trademarks and are willfully infringing and intentionally using counterfeits and/or infringements of the Oakley Trademarks. Defendants' willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

26. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Oakley has no adequate remedy at law, and if Defendants' actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

28. The injuries and damages sustained by Oakley have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

29. Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Oakley or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Oakley.

31. By using the Oakley Trademarks on the Counterfeit Products, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

32. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

33. Oakley has no adequate remedy at law and, if the Defendants' actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of the Oakley brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

34. Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. Defendants are engaged in acts violating Illinois law including, but not limited to, passing off its Counterfeit Products as those of Oakley, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that their products have Oakley's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

36. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

37. Oakley has no adequate remedy at law, and Defendants' conduct is causing Oakley to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Oakley will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Oakley prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley

       Product or is not authorized by Oakley to be sold in connection with the Oakley Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under the Oakley Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Oakley, or are sponsored by, approved by, or otherwise connected with Oakley;

d. further infringing the Oakley Trademarks and damaging Oakley's goodwill;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

f. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Oakley Trademarks; and

g. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f).

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Oakley a written report

under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through g, above;

3) That Defendants account for and pay to Oakley all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Oakley be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 for each and every use of the Oakley Trademarks;

5) That Oakley be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Oakley hereby demands a trial by jury as to all issues so triable.

Dated this 14th day of December 2022.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Thomas J. Juettner
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
tjjuettner@gbc.law

*Counsel for Plaintiff Oakley, Inc.*